UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 2008-05 (WOB)

ELBERT OSBORNE                                              PLAINTIFF

VS.                              OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                             DEFENDANT

This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 7) and the cross-motion for summary judgment of the defendant (Doc. 8).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298, 300 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for disability benefits, a claimant must establish that he is disabled within the meaning of the Social

1

Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Id. at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities." Id. (citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the

2

claimant cannot perform his past relevant work, he is not disabled if he can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of his application, the claimant was fifty-three years old and has an eighth grade education. His past employment has included work as a coal miner. The claimant alleges he became disabled on September 26, 2003 due to the effects of high blood pressure causing occasional blackouts, diabetes, back pain and stomach problems.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability and issued a partially favorable decision, finding the claimant disabled as of June 22, 2005.

In the case at bar, the ALJ determined at step one, that claimant has not been engaged in substantial gainful activity since September 26, 2003. At step two, the ALJ determined that the claimant has the following severe impairments: "high blood pressure with occasional blackouts and borderline intellectual functioning." At step three, the ALJ determined that, although claimant has impairments that are "severe," he does not have an impairment or combination thereof that is listed in or equal to

3

one listed at 20 C.F.R. part 404, subpart P, appendix 1.  At step four, the ALJ found the claimant could not perform his past relevant work as a coal miner and, therefore, moved on to step five.

At step five, the ALJ found that on June 22, 2005, the claimant turned 55 years of age and, applying the grid rules, found that the claimant is disabled, beginning on that date, as being of an advanced age with limited education and non-transferable work skills.  The ALJ found, however, that prior to June 22, 2005, the claimant had the residual functional capacity for a limited range of light work involving limited to relatively simple, routine jobs.  The ALJ also found that, due to claimant's occasional blackouts, he should avoid hazards.  The vocational expert opined that, given claimant's age, education, work history and the limitations assigned by the ALJ, a significant number of jobs existed in the national economy for which the claimant could perform.  Based on this testimony, the ALJ found that prior to June 22, 2005, the claimant was not disabled.

Claimant's only argument is that the ALJ erred in not affording any weight to the opinion of his treating physician, Dr. Chaffin.  It is well settled that if an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified.  20 C.F.R. § 404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993).

>Here, the ALJ stated:
>
>As for the opinion evidence, I rejected the physical assessment at Exhibit 30F from Dr. Chaffin, as this was not supported by the objective evidence. I also rejected the mental assessment at Exhibit 31F, for the same reason, that it was not supported by the evidence of record. Although the State Agency medical consultants were of the opinion that the claimant could perform medium level work, I find that the evidence as a whole, including his blackouts would limit the claimant to light level work with the avoidance of hazards. Due to his borderline intellectual functioning, he should be limited to relatively simple, routine jobs.

(AR 19). This is the extent of the ALJ's written analysis of the medical and opinion evidence.

The law is clear that an ALJ must give good reasons for discounting a treating physician's opinions. The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007). "The purpose of this procedural aspect of the treating physician rule is two-fold. First, the explanation "`let[s] claimants understand the disposition of their cases,' particularly where a claimant knows that his physician has deemed him disabled and therefore 'might be bewildered when told by an administrative bureaucracy that [he] is not, unless some reason for the agency's decision is supplied.'" Id. (quoting Wilson v. Commissioner of Social Security, 378 F.3d 541,544 (6th Cir. 2004)). Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." Id.

5

The only reason the ALJ gave for his rejection of Dr. Chaffin's opinion is that it is not supported by the objective evidence. The ALJ did not set forth his analysis of the medical records, did not explain any conflict, or discuss the § 404.1527(d)(2) factors. The Sixth Circuit has held that reversal is required where the ALJ fails to give good reasons for not giving weight to a treating physician in the context of a disability determination. Wilson, 378 F.3d at 545.

In Wilson, the court stated:

> An ALJ must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." [20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)]. If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion. Id.
>
> Importantly for this case, the regulation also contains a clear procedural requirement: "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion." [20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)]. A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).

Wilson, 378 F.3d at 544.

The Wilson court held that the ALJ had violated § 1527(d)(2) by failing to give good reasons for rejecting the treating

6

physician's opinion. Id. at 545. In Wilson, the court found that the ALJ's failure to give good reasons for not crediting the treating physician's opinion did not amount to harmless error even where the district court found the treating physician's opinion was not supported by the record. Id. at 546. The Sixth Circuit stated that "[a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." Id.

In the case at bar, the ALJ did not articulate with any degree of specificity why he was not crediting the RFC assessment of Dr. Chaffin. The ALJ simply stated it "was not supported by the objective evidence," but then made no further mention of the evidence or how the opinion was inconsistent with the evidence of record.

Furthermore, the claimant claimed additional impairments, including diabetes, back pain and stomach problems, yet, the ALJ failed to provide any analysis as to why he rejected these impairments as being severe. In fact, the report does not indicate that the ALJ even considered these impairments. Clearly, this does not provide claimant with the procedural protections he is entitled to under 20 C.F.R. § 404.1527(d)(2). See Wilson, 378 F.3d at 547-48.

The Commissioner concedes that the ALJ's analysis did not comply with the strict letter of the regulation, but argues that

7

any perceived error was harmless. In Wilson, the court went on to state:

> That is not to say that a violation of the procedural requirement of § 1527(d)(2) could never constitute harmless error. . . . For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal . . . .

Id.

The court finds that, although the treating physician's report may be deficient in that it does not provide the specific medical findings that support his opinions,[1] the ALJ's report lacks even the minimal articulation needed for the court to engage in any meaningful review of his decision. See Fisk v. Astrue, 253 Fed. Appx. 580, (6th Cir. 2007).

For the foregoing reasons, the court finds that the ALJ's decision is not based on substantial evidence. Once a court determines that substantial evidence does not support the Commissioner's decision, it can reverse the decision and award benefits only if all essential factual issues have been resolved and the record establishes a claimant is entitled to benefits. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). Where, as here, the factual issues have not

---

[1] A review of the form indicates that the physician may not have seen the request for medical findings or may have construed it as requesting findings for only the additional impairments as the request is combined in a paragraph regarding additional impairments. Specifically, the last paragraph reads: "State any other work-related activities which are affected by the impairment(s), and indicate how the activities are affected. What are the medical findings that support his assessment?" (AR 356).

8

been resolved, the court shall remand the case for further consideration.  Id.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 7) be, and it hereby is, **granted in part** as to plaintiff's request for a reversal of the Commissioner's decision, and **denied in part** as to her request for a court ordered award of benefits; and that the cross-motion for summary judgment of the defendant (Doc. 8) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded** to the Commissioner for further proceedings.

This 8th day of August, 2008.



Signed By:
William O. Bertelsman   WOB
United States District Judge